**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**Macy Wilens, Esq. (State Bar No. 328204)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
jeff@lakeshorelaw.org
macy@lakeshorelaw.org

**THE LAZZARO LAW FIRM, LLC**
**Robert B. Kapitan, Esq. (will apply pro hac vice)**
**34555 Chagrin Boulevard, Suite 250**
**Moreland Hills, Ohio 44022**
**Phone: 216-696-5000**
**Facsimile: 216-696-7005**
robert@lazzarolawfirm.com

**Attorneys for Plaintiffs**

# UNITED STATES DISTRICT COURT,
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TYLER KINGSLEY, on behalf of himself and all other persons similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>VENTURA FOODS, LLC.<br><br>  Defendant. | Case No. _____<br><br>**Collective Action**<br><br>**COMPLAINT**<br>**1. Violation of Fair Labor Standards Act** |

Plaintiff alleges as follows:

## INTRODUCTION

1.   This is a "collective action" instituted by Plaintiff as a result of

1
COMPLAINT

Defendant's practices and policies of not paying its non-exempt employees, including Plaintiff and other similarly situated employees, for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant's headquarters and principal place of business is located in this District.

## PARTIES

4. At all times relevant herein, Plaintiff has been a citizen of the United States and a resident of Winona, MN.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. Defendant is a corporation for profit with a principal place of business in Brea, California.

7. At all times relevant herein, Defendant has conducted business in California, as well as across the Country.

8. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

9. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff and the putative class members were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Plaintiff's written consent to this action, as well as the written consent of CeDrena Baker are attached hereto as Exhibit A (redacted to exclude personal information).

13. Additional written consents to join this action, as and when executed by other individual plaintiffs, have been and will continue to be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

14. Defendant Ventura Foods, LLC, is for-profit company that manufactures culinary and food products and provides consulting services to the food industry.

15. During the relevant period, Defendant operated food production plants and employed manufacturing employees.

16. Plaintiff was employed directly by Defendant as a maintenance employee in the Albert Lea, MN facility between January 2023 and August 2023.

17. Other similarly situated employees worked in facilities in Birmingham, AL.

18. Plaintiff and other similarly situated production employees had the same and/or substantially similar job duties and/or responsibilities and were subjected to the same policies and procedures.

19. Plaintiff and other similarly situated employees of Defendant are/were non-exempt employees under the FLSA.

20. Plaintiff and other similarly situated employees of Defendant are/were paid an hourly wage.

21. Plaintiff and other similarly situated employees of Defendant regularly worked more than 40 hours per workweek.

**(Failure to Pay for Time Spent Donning Gear Before Shift)**

22. Plaintiff and other similarly situated employees were required by Defendant to changing into and out of my personal protective equipment, including a kitchen hat, gloves, a mask, ear plugs and/or a hairnet; washing my hands; and/or walking to and from my assigned area of the manufacturing floor.

23. Defendant arbitrarily failed to count this work performed by Plaintiff and other similarly situated employees as "hours worked."

24. Plaintiff and other similarly situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

25. This unpaid work performed by Plaintiff and other similarly situated employees was practically ascertainable to Defendant and was known to Defendant based on several conversations Plaintiff had with supervisors.

26. There is no practical administrative difficulty of recording this unpaid work of Plaintiff's and other similarly situated employees. It could be precisely recorded for payroll purposes simply by allowing them to clock in and be paid before they started preparing for their work.

27. This unpaid work performed by Plaintiff and other similarly situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

28. Moreover, this unpaid work is an integral and indispensable part of other principal activities performed by Plaintiff and other similarly situated employees. They cannot perform their work without putting on protective gear and work clothing.

29. Plaintiff estimates that he spent at least 10-15 minutes per day before his shift start times preparing for work.

**(Failure to Pay for Time Spent Working Prior to the Start of the Scheduled Shift)**

30. Defendant utilized a timekeeping system such that Plaintiff and similarly situated employees were not paid for all hours worked.

31. Defendant paid Plaintiff and other similarly situated employees only for work performed after the start of their shifts.

32. Plaintiff and similarly situated employees were not compensated for the time spent preparing for work.

33. Plaintiff and similarly situated employees were not compensated for time spent working outside their regularly scheduled shifts.

**(Failure to Pay Overtime Compensation)**

34. As a result of Plaintiff and other similarly situated employees not being paid for all hours worked, Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

**(Failure to Keep Accurate Records)**

35. Defendant failed to make, keep and preserve records of the unpaid work performed by Plaintiff and other similarly situated employees when not clocked in.

**(Defendant Willfully Violated the FLSA)**

36. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

38. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All former and current production employees with jobs performing substantially identical functions and/or duties to machine operators employed by Ventura Foods, LLC, at the Albert Lea (MN) and Birmingham (AL) facilities within the three (3) year period prior to the filing of this lawsuit on August 5, 2024.

39. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of more than 500 persons.

40. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in

bringing this action.

41. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## **COUNT ONE**
**(Violations of Fair Labor Standards Act)**

42. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for work performed before clocking in each day violated the FLSA, 29 U.S.C. § 207, 29 C.F.R.§ 785.24.

44. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all work performed each day violates the FLSA, 29 U.S.C. § 207, 29 C.F.R. § 785.24.

45. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violates the FLSA, 29 U.S.C. § 207.

46. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violates the FLSA, 29 C.F.R. 516.2(a)(7).

47. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

48. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the class he represents actual damages for unpaid wages;

D. Award Plaintiff and the class he represents statutory liquidated damages;

E. Award Plaintiff and the class he represents pre- and post-judgment

interest at the statutory rate;

    F.    Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

    G.    Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

DATED: August 3, 2024.

        Respectfully submitted,

    By  */s/ Jeffrey Wilens*
        JEFFREY WILENS
        Attorney for Plaintiff

10
COMPLAINT

## **DECLARATION**

1. I was/am employed by Ventura Foods in the following position(s):

   Maintenance

2. My approximate dates of employment are:

   January 2023 - August 2023

3. I was/am employed in the following location(s):

   Albert Lea, MN

4. I was paid an hourly wage and regularly worked 40 or more hours per week.

5. I was only paid for work performed between my scheduled start and stop times, regardless of when I clocked in or clocked out. Ventura Foods allowed employees to clock in a few minutes before our shift start times and clock out after our shift end times, but we were not paid for any of that extra time.

6. Ventura Foods required employees to be at their work area performing their manufacturing work at their scheduled start and stop times. As a result, I was required to come to work early and perform various pre-shift work before my scheduled start times and leave work late and perform various post-shift work after my scheduled stop times.

7. The pre-shift and post-shift work I performed included the following:

   a. Changing into and out of my personal protective equipment, including a kitchen hat, gloves, a mask, ear plugs and/or a hairnet;

   b. Washing my hands; and/or

   c. Walking to and from my assigned area of the manufacturing floor.

8. Wearing my personal protective equipment was necessary because I could not safely perform my manufacturing work without it. It protected me from various injuries, including head, hand, foot, eye, ear, and other bodily injuries. Additionally, Ventura Foods required me to wear it, required me to put it on and take it off at work so that it was maintained in a sanitary and reliable condition, and did not want me to take it home.

9. Washing my hands was necessary because I could not perform my manufacturing work without clean and sanitary hands.

10. Changing into my personal protective equipment, washing my hands, and walking to my assigned area of the manufacturing floor took upwards of approximately 10 minutes or more. In order to start my work on time, I had to arrive at least 10 minutes early to start this pre-shift work.

**eSign or return to:**
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250 / 34555 Chagrin Boulevard / Moreland Hills, Ohio 44022
Phone: 216-696-5000 / Fax: 216-696-7005
Email: consent@lazzarolawfirm.com / Web: www.lazzarolawfirm.com

11. Similarly, at the end of my shifts, walking from the manufacturing floor and changing out of my personal protective equipment took upwards of approximately 10 minutes or more.

12. In addition, I frequently started performing my manufacturing work before my shift start times and continued performing my manufacturing work after my shift end times to complete tasks that were not finished at the end of my shifts.

13. I was not paid for performing this pre-shift and post-shift work.

14. Ventura Foods knew that I performed this pre-shift and post-shift work because Ventura Foods required me to perform it and supervisors observed me performing it.

15. As a result of Ventura Foods' practices and policies, I was not compensated for all of the time I worked, including all of the overtime hours I worked over 40 each workweek.

16. My statements here are based upon my own experiences, and upon observations of other employees engaging in the same activities and work that I performed. I know the experiences of others are similar to mine because I observed them, talked with them, and worked alongside them.

17. I am sure that other manufacturing employees would join this case if they received Court-approved notice.

Pursuant to 28 U.S.C. § 1746, I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my personal knowledge, information, and belief.

Signature: *Tyler [signature] (May 25, 2024 19:01 CDT)*

Date: 25/05/24

Full Name: Tyler Kingsley

Street Address: [redacted]

City, State, Zip: Winona MN 55987

Phone: [redacted]

Email: [redacted]

eSign or return to:
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250 / 34555 Chagrin Boulevard / Moreland Hills, Ohio 44022
Phone: 216-696-5000 / Fax: 216-696-7005
Email: consent@lazzarolawfirm.com / Web: www.lazzarolawfirm.com

## **CONSENT FORM**

1. I consent and agree to pursue my claims for unpaid overtime and/or minimum wages through a lawsuit or arbitration case filed against Ventura Foods.

2. I understand that the claims are brought under the Fair Labor Standards Act and/or state wage and hour laws. I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3. I intend to pursue my claim individually, unless and until the court or parties certify the case as a collective or class action. If someone else serves as the class representative(s), then I designate the class representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with Plaintiff's counsel concerning fees and costs, the entering into a settlement agreement with my employer, and all other matters pertaining to this action.

4. In the event the case is not conditionally certified or decertified after conditional certification, I authorize Plaintiff's counsel to use this Consent Form to re-file my claims in a separate or related action against my employer. In the event my claim must be brought in arbitration, I authorize Plaintiff's counsel to file a claim for arbitration on my behalf.

5. I understand that Plaintiff's counsel agrees to represent me on a contingency fee basis without any prepayment of attorneys' fees or costs. The fees and costs will either be subtracted from the total recovery obtained from my employer in the amount of thirty-three and one-third percent (33-1/3%) of my total recovery plus costs expended by Plaintiff's counsel on my behalf, or they may be paid separately by my employer. If there is no recovery, Plaintiff's counsel will not be paid for their work on this case.

Signature: _Tyler [signature] (May 25, 2024 19:01 CDT)_       Date: 25/05/24

Full Name:

Street Address:

City, State, Zip:

Phone:

Email:

**eSign or return to:**
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250 / 34555 Chagrin Boulevard / Moreland Hills, Ohio 44022
Phone: 216-696-5000 / Fax: 216-696-7005
Email: consent@lazzarolawfirm.com / Web: www.lazzarolawfirm.com